AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Melvin Cravin, Efrain Lona,*
*and Glenda Stewart*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SYDNEY SHACKERFORD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-00469-GMN-DJA<br><br>**UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE BY FIFTY DAYS FROM MAY 12, 2021, TO JULY 1, 2021 (FIRST REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)** |

Defendants, Melvin Cravin, Efrain Lona, and Glenda Stewart, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Alexander J. Smith, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby move to extend by a modest fifty days the dispositive motions deadline only from May 12, 2021, to July 1, 2021.[1]

On May 10, 2021, counsel for Defendants and Plaintiff Sydney Shackerford engaged in a pleasant, amicable, and co-operative telephonic meet and confer to discuss this motion

---

[1] Setting a dispositive motions deadline of May 12, 2021, a January 12, 2021 scheduling order states that "[m]otions for summary judgment . . . must be filed and served no later than 30 days after the close of discovery, which is April 12, 2021." (ECF No. 21 at 3)

Page **1** of **6**

to extend the deadline to file dispositive motions and to discuss any possible settlement offer from Shackerford.

This motion is unopposed, and Defendants move for a dispositive motions deadline extension for the reasons stated below.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   LAW AND ARGUMENT**

   **A.   Rule 6(b), Federal Rules Of Civil Procedure.**

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman,* 8 F.R.D. 268 (N.D. Ohio 1947).

   **B.   Local Rules IA 6-1 And 26-3.**

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the

discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### C. Good Cause Exists, Thus An Order Should Grant Defendants' Motion For An Extension Of The Dispositive Motions Deadline

Here, good cause exists for extending the dispositive motions deadline by fifty days. Both parties intend to move for summary judgment, and Defendants will, among other things, argue that there is no genuine dispute as to any material fact concerning Shackerford's Eighth Amendment excessive force claims; Defendants continue to assert that no constitutional violations occurred, thus Defendants are entitled to judgment as a matter of law. By extending the deadline by fifty days, Shackerford is under no danger of prejudice, and the delay is short.

Counsel for the defense, Attorney Smith, represents the interests of several hundred defendants in approximately fifty cases. Over the last six or so weeks, Attorney Smith has worked on several other summary judgments. Other tasks have included a complex Rule 12(c), Federal Rules of Civil Procedure, motion; much factual and legal research into a motion for a preliminary injunction to allow a particular faith-group access under the Religious Land Use and Institutionalized Persons Act to a prison chapel; several hearings and briefs in state court on the constitutional right of access to the courts in the COVID pandemic; several depositions; much discovery-related work; Attorney-General work-related training and office administrative tasks; mentoring and assisting newly appointed attorneys with their work; several mediation conferences and preparation beforehand; and all of the other routine tasks expected of an attorney.

Also, because of the nature of this case, Attorney Smith requires more time to obtain further declarations from Defendants and others and to finish his internal factual enquiries that will eventually assist the court in the adequate adjudication of Defendants' motion for summary judgment, which will be filed if no settlement is reached following Shackerford's

latest settlement offer.[2] In sum, because of many deadlines and last-minute assignments over the last several weeks (and indeed months), Attorney Smith needs additional time in which to adequately move for summary judgment.

Finally, because of the COVID pandemic, Attorney Smith has continued to work from home most of the time, and this has made discovery and various other tasks more difficult than usual; his ability to access records (in addition to necessary declarations and the like) has been impeded and slowed down; however, Attorney Smith is working diligently to defend this action. In sum, for the reasons stated above and because no rushed work product is good work product, Attorney Smith needs additional time in order to adequately brief the court for summary judgment in this action.

**D.    The Four Factors Contained Within LR 26-3 Are Satisfied[3]**

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied. Defendants have completed discovery in this action, and no further discovery is needed. The reasons why Defendants are unable to adhere to the dispositive motions deadline are succinctly and thoroughly elaborated on at length in the preceding paragraphs. No discovery remains, but Defendants move to amend the scheduling order to extend by fifty days the May 12, 2021 dispositive motions deadline.

---

[2] In the meet and confer, Shackerford also extended a new, more modest settlement offer to Defendants. Thus Defendants would benefit from an extension of time, which will allow Attorney Smith to liaise with the relevant staff at (i) the Attorney General's Office (such as the Nevada Tort Claims Manager) and (ii) the Nevada Department of Corrections about possibly settling this case before the filing of any dispositive motions and thus conserving precious judicial resources and taxpayers' money; however, the consideration of a settlement offer takes time because of legislative and executive imposed procedures.

[3] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, Defendants neither move to extend a discovery deadline nor move to reopen discovery, but because this motion seeks to extend a deadline—originally established by a January 12, 2021 scheduling order (ECF No. 21)—to July 1, 2021, out of an abundance of caution, the factors contained within LR 26-3 are addressed in case the court decides that the four-factor requirement contained within that rule applies in this instance.

### E. Meet And Confer

On May 10, 2021, counsel for Defendants met and conferred via telephone with Shackerford to discuss this motion to extend the deadline to file dispositive motions. Shackerford stated that this motion is unopposed.

## II. CONCLUSION

Defendants demonstrate good cause to extend the dispositive motions deadline to July 1, 2021. Shackerford does not oppose this motion. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the court, and because the Ninth Circuit and other appellate courts prefer to see that cases are tried on the merits and not on a technicality, Defendants respectfully move for an extension of time to file a motion for summary judgment and request that the due date be extended from **May 12, 2021**, to **July 1, 2021**.

DATED this 12th day of May, 2021.

AARON D. FORD
Attorney General

By: /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484C)
Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated this 13 day of May, 2021

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on May 12, 2021, I electronically filed the foregoing **UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE BY FIFTY DAYS FROM MAY 12, 2021, TO JULY 1, 2021 (FIRST REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

Sydney Shackerford, #1148998
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070
Email: HDSP_LawLibrary@doc.nv.gov
*Plaintiff, Pro Se*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General